Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGNEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br>      Plaintiffs, <br><br> v. <br><br> SPILKER ASSOCIATES dba SPILKER, INC., A California Corporation; MARK P. SPILKER, an individual; and MICHELLE SPILKER, an individual, <br><br>      Defendants. | Case No.: C08-4520 SI <br><br> **NOTICE AND ACKNOWLEDGMENT and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the plaintiffs BOARDS OF TRUSTEES FOR OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants SPILKER ASSOCIATES dba SPILKER, INC., a California Corporation, or successor entities; MARK P. SPILKER, an individual; and MICHELLE SPILKER, an individual, (collectively "Defendants"), as follows:

1.     Defendants entered into a valid Collective Bargaining Agreement with the Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

1

P:\CLIENTS\OE3CL\Spilker Associates\Pleadings\Judgment Pursuant to Stipulation 121608.DOC

2.     Mark Philip Spilker, RMO/CEO/President of Defendant Spilker Associates dba Spilker, Inc., on behalf of all named Defendants, hereby acknowledges that he is authorized to receive service and has received the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Case Management Conference Order; Standing Order for All Judges of the Northern District of California, Judge Illston's Standing Order; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Availability of Magistrate Judge to Exercise Jurisdiction; Consenting to a Magistrate Judge's Jurisdiction in the Northern District of California, ECF Registration Information Handout; and Welcome to the U.S. District Court, San Francisco.

3.     Defendants have become indebted to the Trust Funds as follows:

| December 2007 | Reported contributions | $9,580.80 | |
| | Liquidated Damages | $1,268.24 | |
| | Interest (to 9/08/08) | $68.26 | |
| | | | $10,917.30 |
| January 2008 | Reported contributions | $6,347.28 | |
| | Liquidated Damages | $892.89 | |
| | Interest (to 9/08/08) | $132.68 | |
| | | | $7,372.85 |
| February 2008 | Reported contributions | $7,405.16 | |
| | Liquidated Damages | $1,012.53 | |
| | Interest (to 9/08/08) | $186.51 | |
| | | | $8,604.20 |
| March 2008 | Reported contributions | $10,538.88 | |
| | Liquidated Damages | $1,381.06 | |
| | Interest (to 9/08/08) | $284.25 | |
| | | | $12,204.19 |
| April 2008 | Reported contributions | $8,800.36 | |
| | Liquidated Damages | $1,176.33 | |
| | Interest (to 9/08/08) | $1,080.14 | |
| | | | $11,056.83 |
| **SUB-TOTAL** | | | **$50,155.37** |
| | Attorneys Fees (to 12/4/08) | | **$4,671.00** |
| | Cost of Suit, etc. | | **$440.81** |
| **TOTAL** | | | **$55,267.18** |

2

4.      Defendants shall *conditionally* pay the amount of **$49,536.13**, representing all above amounts, less liquidated damages in the amount of **$5,731.05** *conditioned upon Trustees approval and timely compliance with all of the terms of this Stipulation,* as follows:

(a)      On or before December 25, 2008, and no later than the 25th day of each month thereafter for a period of 18 months, through and including March 25, 2009, Defendants shall pay to Plaintiffs the amount of **$3,021.00**.  These payments may be made by joint check, to be endorsed prior to submission;

(b)      Defendants shall have the right to increase the monthly payments at any time;

(c)      Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 12% per annum in accordance with Plaintiffs' Trust Agreements.

(d)      Payments shall be made payable to the Bay Area Painters and Tapers Trust Funds, and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California  94104, **to be received on or before the 1st day of each month**, or to such other address as may be specified by Plaintiffs.

(e)      At the time that Defendants makes their 17th monthly payment, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 17th payment.  Defendants will be advised as to whether or not the waiver has been granted prior to the final payment hereunder.

5.      In the event that any check is not timely submitted or submitted by Defendants but fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, this shall be considered to be a default on the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default.  Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from Plaintiffs.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made

1    by cashier's check.  In the event default is not cured, all amounts remaining due hereunder shall be

2    due and payable on demand by Plaintiffs.

3         6.    An audit of Defendants records has occurred in this matter. The audit report has not

4    been completed to date. In the event that amounts are found due on audit, all such amounts will

5    become part of this Judgment. In the event that this occurs, defendants have the right to request

6    that the term of the payment plan be extended until all amounts are paid in full.

7         7.    Beginning with contributions due for hours worked by Defendants' employees

8    during the month of September 2008, to be postmarked no later than October 15, 2008, and for

9    every month thereafter that the Bargaining Agreement remains in effect, Defendants **shall remain**

10   **current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and

11   under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as

12   amended.  **Defendants shall fax a copy of the contribution report for each month, together**

13   **with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending**

14   **the payment** t**o the Trust Fund office.  To the extent that Defendants are working on a Public**

15   **Works job, or any other job for which Certified Payroll Reports are required, copies of said**

16   **Reports will be faxed to Michele R. Stafford concurrently with their submission to the**

17   **general contractor, owner or other reporting agency**.

18        8.    Failure by Defendants to remain current in its contributions shall constitute a

19   default of the obligations under this agreement and the provisions of ¶12 shall apply.  Any such

20   unpaid or late paid contributions, together with 15% liquidated damages and 12% per annum

21   interest accrued on the total contributions and liquidated damages, shall be added to and become a

22   part of this Judgment and subject to the terms herein.  Plaintiffs reserve all rights available under

23   the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection

24   of current and future contributions, and for any additional past contributions not included herein as

25   may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other

26   means, and the provisions of this agreement are in addition thereto.  Defendants specifically waive

27   the defense of the doctrine res judicata as to any such additional amounts determined as due.

28

P:\CLIENTS\OE3CL\Spilker Associates\Pleadings\Judgment Pursuant to Stipulation 121608.DOC

9.     Defendants shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name and address of job, general contractor, certified payroll if a public works job, and period. **Defendants shall fax said updated list each month together with the contribution report (as required by ¶7 of this Stipulation) to Michele R. Stafford at 415-882-9287.**

10.     Mark Philip Spilker acknowledges that he is the RMO/CEO/President, of Spilker Associates dba Spilker, Inc., and Michelle Spilker acknowledges that she is the spouse of Mark Philip Spilker, and both acknowledge that all successors in interest to Spilker Associates dba Spilker Inc., as well as assigns and affiliated entities, shall be bound by the terms of this Stipulation as Guarantors. All such entities specifically consent to the Court's jurisdiction as well as all other terms herein.

11.     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants, in writing, of the amount of the final lump sum payment and any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional attorneys fees and costs incurred in this matter. Said amount shall be paid with the last payment, on or before September 1, 2009. Plaintiffs shall also advise whether the conditional waiver of liquidated damages have been granted in whole or in part. If liquidated damages remain due, these amounts will be included in the final payment. If Defendants are unable to do so, Defendants will continue to make monthly payments in the amount of $4,165.00 until paid in full.

12.     In the event that Defendants fail to make any payment required under ¶4 above, or fail to remain current in any contributions under ¶7 above, then,

(a)     The entire amount of **$55,267.18** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 15% liquidated damages and 12% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs under section (d) below.

(b)     A writ of execution may be obtained against Defendants without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein,

P:\CLIENTS\OE3CL\Spilker Associates\Pleadings\Judgment Pursuant to Stipulation 121608.DOC

1  upon declaration of a duly authorized representative of the Plaintiffs setting forth any payment

2  theretofore made by or on behalf of Defendants and the balance due and owing as of the date of

3  default.  <u>Defendants specifically consent to the authority of a Magistrate Judge for all proceedings,</u>

4  <u>including, but not limited to, Plaintiffs' obtaining a writ of execution.</u>

5           (c)      Defendants waive notice of entry of judgment and expressly waive all rights

6  to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of

7  Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the

8  issuance of a writ of execution.

9           (d)      Defendants shall pay all additional costs and attorneys' fees incurred by

10  Plaintiffs in connection with collection and allocation of the amounts owed by Defendants to

11  Plaintiffs under this Stipulation.

12           13.      Any failure on the part of the Plaintiffs to take any action against Defendants as

13  provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed

14  a waiver of any subsequent breach by the Defendants of any provisions herein.

15           14.      In the event of the filing of a bankruptcy petition by any of the Defendants, the

16  parties agree that any payments made by Defendants pursuant to the terms of this judgment, shall

17  be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

18  Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section

19  547 or otherwise. Defendants nevertheless represent that no bankruptcy filing is anticipated.

20           15.      Should any provision of this Stipulation be declared or determined by any court of

21  competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

22  enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

23  illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

24  Stipulation.

25           16.      This Stipulation contains all of the terms agreed by the parties and no other

26  agreements have been made.  Any changes to this Stipulation shall be effective only if made in

27  writing and signed by all parties hereto.

28

6

**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C08-4520 SI**

17.    This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

7

1    19.    All parties represent and warrant that they have had the opportunity to be or have

2    been represented by counsel of their own choosing in connection with entering this Stipulation

3    under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

4

5    Dated: December 17, 2008                    SPILKER ASSOCIATES dba SPILKER, INC.

6
                                          By:    /s/ Mark P. Spilker
7                                                Mark Philip Spilker, RMP/CEO/President

8    Dated: December 17, 2008

9
                                          By:    /s/ Mark P. Spilker
10                                               Mark Philip Spilker, Individually

11   Dated: December 18, 2008

12
                                          By:    /s/ Michelle Spilker
13                                               Michelle Spilker, Individually

14   Dated: December 22, 2008                    SALTZMAN & JOHNSON
15                                               LAW CORPORATION

16
                                          By:    /s/ Michele R. Stafford
17                                               Michele R. Stafford
18                                               Attorneys for Plaintiffs

19   **IT IS SO ORDERED**

20   Dated: _____, 2008

21   _____
     UNITED STATES DISTRICT COURT JUDGE

22

23

24

25

26

27

28

JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C08-4520 SI

P:\CLIENTS\OE3CL\Spilker Associates\Pleadings\Judgment Pursuant to Stipulation 121608.DOC